JACK M. and ELOUISE PUGH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Pugh v. Commissioner
Docket No. 3966-80.
United States Tax Court
T.C. Memo 1981-448; 1981 Tax Ct. Memo LEXIS 293; 42 T.C.M. (CCH) 806; T.C.M. (RIA) 81448; August 24, 1981. Jack M. Pugh, pro se. George E. Gasper, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, *295 Judge: This case was assigned to and heard by Special Trial Judge Fred R. Tansill, pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE TANSILL, Special Trial Judge: Respondent determined the following Federal income tax deficiencies and an addition to tax: Additional to Tax
Year
Deficiency
Sec. 6651(a)(1)
1976
$ 1,569.01
$ 27.79
1977
1,454.78
*296 Respondent also determined excise tax deficiencies under section 4973(a) in the amounts of $ 29.78 for 1976 and $ 66.20 for 1977. Jack and Elouise Pugh are husband and wife and they filed joint Federal income tax returns for the taxable years 1976 and 1977. At the time of filing the petition herein they resided in Farmers Branch, a suburb of Dallas, Texas. Mrs. Pugh was a school teacher and the principal of an elementary school in Dallas during the taxable years. Jack Pugh was a retired U.S. Naval officer and had a Master's degree in personnel management from George Washington University. During part of the taxable years Jack Pugh was unemployed and seeking full-time employment. In September of 1977 he became fully employed with the personnel department of J.C. Penney Co. in Dallas and before that he had part-time employment as a counselor at the Texas Unemployment Commission. Jack Pugh was also a licensed realtor in Texas and had been so licensed since 1973. In 1971 he and his sister, Carolyn Rainer, had inherited a number of pieces of real property in Louisiana from their father and from the father's sister; this real estate was jointly owned by Jack Pugh and his sister *297 and was operated and managed by Pugh Realty Co., a partnership in which each had a one-half interest. It received rents and royalties and sold lots in the taxable years. Two preliminary matters have been raised by petitioners, namely, oral motions for summary judgment based upon the alleged bar of the statute of limitations for 1976 for the joint income tax return as well as for the Pugh Realty Co. partnership and an alleged lack of due process for 1977 as to the petitioners. The petitioners' motions lack merit and are herewith denied. The tax return of petitioners for 1976 was due to be filed April 15, 1977. The statutory notice of deficiency addressed to that year is dated March 12, 1980 and is, therefore, timely issued. Thus, this Court has jurisdiction over the year 1976 which is not barred by the statute of limitations. It is not quite clear what petitioners' motion relating to Pugh Realty Co.'s partnership return for 1976 seeks. The partnership return on Form 1065 for 1976 is only an information return and no tax liability per se or deficiency with respect to income tax of the partnership itself exists. Most importantly, there is no statutory notice of deficiency *298 for it before this Court. Therefore, this Court has no authority to consider an argument based on the alleged bar of the limitations statute as to the partnership. Because Jack Pugh's petition for 1976 is timely and validly before this Court, we can with propriety consider matters affecting his tax liability as caused by partnership adjustments which deal with his half share of Pugh Realty Co. distributable profits or losses. Indeed, such issues are next to be considered. But beyond that we cannot go. And we see no statute of limitations problem to consider in this context. So far as the alleged lack of due process for 1977 is concerned, it appears that petitioners' audit was characterized by a series of meetings, appeals, reviews and progress upward in the administrative process with IRS during the course of which at new levels new issues were perceived and raised. This is not lack of due process and no lack of due process has been shown to the Court. Therefore, we reject this argument. Nor may we look behind the statutory notice of deficiency with propriety. There are eleven other issues in the case; the first four issues arise from an IRS audit of the Pugh *299 Realty Co. and affect Jack Pugh's one-half share of distributable partnership income or loss. Seven other issues arise from the audit of petitioner's individual tax returns for 1976 and 1977. We proceed, therefore, to the eleven merit issues for determination. First will be considered the four issues growing out of the partnership Pugh Realty Co. audit. Issue 1
Whether the partnership may deduct additional first year depreciation on land and for 1976 and 1977 depreciate any amounts in excess of $ 1,350. On the partnership return the aggregated value of both land and buildings was depreciated. The portion properly allocable to the land is, of course, not subject to depreciation under section 167 of the Code. Nor is additional first year depreciation properly allowable on anything other than tangible personal property. Section 179(d)(1)(A). However, petitioner is entitled to depreciation of $ 1,350 with respect to improvements on land in each of the taxable years, but to amounts in excess thereof. Issue 2
Whether Pugh Realty Co. may deduct as a business expense any of the costs incurred by the partnership in the maintenance of the Pugh family burial plot *300 in Louisiana. Jack Pugh and his sister assert that they may deduct the cost of maintenance of the family burial plot in Louisiana arguing that this has a beneficial effect upon the operation of their real estate business there. However, we hold that amounts spent for the upkeep of the cemetery serve only the private interests of the individuals eligible to be buried there and are not valid business expenses for the partnership, per se. Thus, the sum of $ 850.50 claimed in 1976 for this purpose is disallowed under section 262 of the Code as a personal or family expense. Compare Rev. Rul. 65-6, 1965-1 C.B. 229. Issue 3
Whether the partnership correctly reported the amount of a loss of $ 3,760 in 1977 arising from the sale of eight lots. Respondent has determined that the correct basis of the lots inherited from Jack Pugh's father was $ 19,515 instead of $ 20,000 as shown on the return. There is, therefore, a reduction of $ 485 in the adjusted basis of the property sold. This is turn reduces the amount of the loss allowable by the same amount of dollars. We sustain the respondent on this issue, there being no contrary evidence in the record. Issue 4
*301 Whether the partnership may deduct $ 3,000 paid to a qualified trust in 1977. While it is true that a partner who owns more than 10 percent of the capital interest in a partnership may validly be regarded as an owner-employee under the provisions of section 401(c) of the Code, it is also required that such an individual have "earned income" with "net earnings" from self-employment for the taxable year. Because Pugh Realty Co.'s income in 1977 consisted only of interest, rents, royalties and long-term capital gains, the partnership had no "earned" income. Moreover, it had no "net earnings" but instead enjoyed an operating loss per return as filed and as adjusted. For these reasons the respondent's disallowance of the $ 3,000 contribution is sustained. The $ 1,500 claimed on petitioners' 1977 return as an "adjustment to income" on line 24 is apparently a duplication to be eliminated. Issue 5
Whether petitioners Jack and Elouise Pugh are entitled to an itemized deduction for interest expense in 1976 of $ 779.54 and in 1977 of $ 1,866.38. On the joint 1976 tax return petitioners itemized interest deductions totaling $ 4,654.10. On audit the respondent disallowed $ 779.54 *302 of this total. Of the amount disallowed, $ 582.36 was attributed to rental property and was, therefore, transferred to Schedule E and allowed there; the rest of the amount ($ 197.18) was disallowed for lack of substantiation. On the joint return for 1977 petitioners claimed aggregate interest deductions of $ 5,575.38. Of this amount $ 1,866.38 was disallowed and, being attributed to rental property was, therefore, eliminated on Schedule A, transferred to Schedule E and allowed at that point. We agree with and sustain the respondent on these interest adjustments including the unsubstantiated amount in 1976. Issue 6
Whether petitioners Jack and Elouise Pugh are entitled to an itemized deduction for taxes of $ 828.47 in 1976 and $ 1,415.74 in 1977, in addition to what was allowed. Just as in the case of interest, petitioners claimed real estate tax deductions on Schedule A which should have been reflected on Schedule E relating to taxes on rental property. Of the $ 2,413.47 of taxes shown on Schedule A of the 1976 return, $ 828.47 was disallowed; of this amount $ 202.52 was transferred to Schedule E and allowed as an expense of rental property. The balance of $ 625.95 *303 was disallowed for lack of substantiation. For 1977 petitioners deducted $ 2,747.47 as itemized taxes. Of this amount $ 1,409.79 was disallowed of which $ 689.81 was transferred to and allowed on Schedule E as an expense of rental property. The difference of $ 719.98 was disallowed for lack of substantiation. We sustain the respondent on all these adjustments. A general sales tax deduction of $ 280 was shown on the 1977 return which deduction was reduced to $ 274.05 based upon the state sales tax table for petitioners' income and family size. As a result of the adjustments reflected in this opinion it will be necessary to redetermine the sales tax properly allowable. Issue 7
Whether petitioners Jack and Elouise Pugh are entitled to various miscellaneous deductions claimed on Schedule A aggregating $ 2,752.01 in 1976 and $ 1,950.89 in 1977, in both cases in addition to what was already allowed by respondent. Based upon the entire record in this case, we make the following holdings with respect to the miscellaneous deduction items as follows: Allowances for 1976
(a) School books (Elouise Pugh)
$ 112.00
(b) Safe deposit box
12.00
(c) Educational expenses (Jack Pugh)
447.00
(d) Job seeking expenses (Jack Pugh)
1,000.00
(e) Books and publications
59.01
(f) Educational library depreciation
200.00
Allowances for 1977
(a) Educational library depreciation
200.00
(b) Job seeking expenses (Jack Pugh)
750.00
(c) Educational expenses (Jack Pugh)
278.00
(d) Parking tickets and transporation
32.00
*304 For both years, items not contained in the above lists of allowances are disallowed for lack of substantiation or as otherwise unallowable. Issue 8
Whether Jack Pugh is entitled to a deduction of $ 496.34 in 1976 for contributions to an IRA, in addition to what was allowed. On the 1976 return a deduction of $ 1,040 for the individual retirement payment was claimed by Jack Pugh. Limited by the amount of compensation Jack Pugh received in 1976, that expense has been reduced by IRS to $ 543.66 and the difference of $ 496.34 disallowed under the provisons of section 408 and 219(b)(1) which limit contributions with reference to earned income. We sustain the respondent on this adjustment. Issue 9
Whether petitioner Jack Pugh is entitled to decrease net gain from rental property by $ 1,998.96 in 1977. This adjustment results from transfers to Schedule E rental property from Schedule A of interest and taxes and an adjustment to depreciation in the aggregate amount of $ 1,998.96. Respondent then adjusts the reported gain from rentals in 1977 shown as $ 1,932.27 to a net loss of $ 66.69. This purely mechanical adjustment is uncontested. Issue 10
Whether *305 petitioners are subject to the excise tax of $ 29.78 in 1976 and $ 66.20 in 1977 imposed by section 4973(a)(3) for excess contributions to an IRA. There is no controversy but that excess contributions were in fact made and claimed by Jack Pugh with respect to the IRA during the taxable years. Such excess payments above the maximum amount allowable are subject to a mandatory excise tax computed as provided by section 4973(a)(3). We sustain the respondent on this issue which was determined and set forth in a schedule attached to the statutory notice of deficiency as an excise tax deficiency. Issue 11
Whether petitioner Jack and Elouise Pugh are liable for an addition to tax of $ 27.79 under section 6651(a)(1) for failure to timely file their 1976 individual income tax return. The joint Federal income tax return of the Pughs was due to be filed no later than April 15, 1977 with respect to the 1976 taxable year. Respondent's records indicate that the return was not received for filing by him until May 4, 1977. Petitioner's only explanation is that the respondent must have made a mistake in dating the receipt of the return. This does not suffice to overcome the Commissioner's *306 presumption of correctness and petitioners do not have reasonable cause. We hold for the respondent on this issue. The amount of this addition to tax will have to be recomputed to give effect to the other adjustments to taxable income in 1976. For the various reasons set forth in detail above, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. This case was originally processed as a Small Tax Case under section 7463 of the Internal Revenue Code of 1954. However, because one of the issues involves the excise tax under section 4973, which issue does not fall within the ambit of section 7463, the case was removed from the "S" category by Order of the Chief Judge dated July 29, 1981, and assigned to Special Trial Judge Tansill pursuant to Rule 180 of the Tax Court Rules of Practice and Procedure↩ with the proviso that the provisions under Rule 182 of those Rules should not be applicable.